```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VILAIR FONVIL,                                                :
                    Plaintiff,                                :
                                                              :              **OPINION AND ORDER**
v.                                                            :
                                                              :              17 CV 2957 (VB)
THE COUNTY OF ROCKLAND, MICHAEL                               :
BONGIORNO, RORY J. BELLANTONI,                                :
PETER MODIFERRI, JOHN DOE #1, and                             :
JOHN DOE #2,                                                  :
                    Defendants.                               :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Vilair Fonvil, proceeding pro se, brings this action against defendants the County of Rockland (the "County"), Michael Bongiorno, Rory Bellantoni, Peter Modiferri, and two unidentified "John Does," alleging violations of his rights under New York State law, and asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986. Additionally, plaintiff seeks attorney's fees pursuant to 42 U.S.C. § 1988.

Now pending is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #3).

For the reasons set forth below, defendants' motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor, as summarized below.

1

I. <u>Factual Background</u>

On February 16, 2001, plaintiff was arrested in connection with the Rockland County District Attorney's Office (the "D.A.'s Office") investigation into possible election fraud. At the time, plaintiff was a mayoral candidate in the Village of Spring Valley, New York.

Following his arrest, Plaintiff was "searched and processed" by defendant Modiferri and the individuals identified only as John Doe #1 and John Doe #2. (Compl. ¶ 10). Plaintiff then was taken to the Clarkstown Justice Court, and charged with second degree criminal possession of a forged instrument, and first degree offering a false instrument for filing. Plaintiff alleges his arrest was without probable cause.

On February 21, 2001, Assistant District Attorney Rory Bellantoni applied to the Rockland County Court for an order directing plaintiff to provide handwriting exemplars. Plaintiff alleges Bellantoni's application was without probable cause, and was supported by a false statement that the D.A.'s Office had an expert report opining that "it was 'likely' that plaintiff had a forged a number of signatures," and "compelled exemplars were the only form of [handwriting] samples that would permit the expert to further her findings." (Compl. ¶ 31).

According to plaintiff, Michael Bongiorno, then the Rockland County District Attorney, was aware of Bellantoni's false statement. Plaintiff alleges Bellantoni and Bongiorno knew such statements would negatively affect the grand jury's consideration of charges against plaintiff, and damage his mayoral candidacy.

On March 22, 2001, the Rockland County Court issued an order directing plaintiff to provide handwriting exemplars. In September 2001, the D.A.'s Office initiated contempt proceedings to enforce the order. Plaintiff, "under threat of jail," publicly admitted he was in

contempt, and spent "many hours" on October 1 and October 3, 2001, providing handwriting exemplars. (Compl. ¶ 36).

Plaintiff alleges defendants' actions "were motivated by political considerations together with contemptuous disregard for the rights of a significant and distinct ethnic group . . . comprised of Haitian American voters." (Compl. ¶ 43).

II. Procedural Background

The D.A.'s Office filed two felony complaints against plaintiff, and he was later indicted by a Rockland County grand jury.[1] Plaintiff's first trial began in May 2002, and ended in a mistrial after his attorney was disqualified.

Plaintiff petitioned the Appellate Division, Second Department, for a writ of prohibition barring a second trial on double jeopardy grounds. On October 7, 2002, the Second Department dismissed plaintiff's petition.

After a retrial, plaintiff was convicted of four misdemeanor counts of misconduct in relation to a petition in violation of Election Law § 17–122(7). He was sentenced to a conditional discharge and 100 hours of community service.

On appeal, in a decision issued April 23, 2014, the Second Department found that the verdict was against the weight of the evidence, and reversed the judgment, dismissed the

---

[1] The Court takes judicial notice of public records from plaintiff's prior legal proceedings, which are related to plaintiff's claims here. See Jackson v. New York State, 523 F. App'x 67, 68 (2d Cir. 2013) (summary order) ("Matters subject to judicial notice—such as decisions [in] related proceedings—are properly considered on a motion to dismiss and do not require the court to consider the motion as one for summary judgment"). Plaintiff will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

3

consolidated indictment, and remitted the matter to Supreme Court, Rockland County. See People v. Fonvil, 116 A.D.3d 970 (2d Dep't 2014).

In the midst of the state court action, on May 15, 2002, plaintiff filed a complaint in this Court (the "prior federal court action") which was nearly identical to the instant complaint.

Plaintiff's complaint was dismissed on the following grounds: (i) claims under 42 U.S.C. § 1983 were premature under Covington v. City of New York, 171 F.3d 117 (2d Cir. 1999); (ii) claims against the individual defendants in their official capacities were barred by the Eleventh Amendment; (iii) Bellantoni and Bongiorno were shielded by absolute prosecutorial immunity from claims against them in their individual capacities; and (iv) Rockland County could not be held liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), for Bellantoni or Bongiorno's actions, because a District Attorney prosecuting a criminal matter is an officer of the state, not the county. (Weissman Decl. Ex. B: Fonvil v. The Cnty. of Rockland, et al., 02 Civ. 3713 (March 28, 2003)). Having dismissed plaintiff's federal claims, the Court declined to exercise supplemental jurisdiction over plaintiff's state law claim. Id.

Plaintiff appealed the dismissal, but on October 13, 2003, stipulated to withdraw his appeal. (Weissman Decl. Ex. D).

Plaintiff commenced this action on April 24, 2017. As in the prior federal court action, plaintiff's complaint sets forth three causes of action: (i) a New York state law claim for false arrest; (ii) claims under 42 U.S.C. § 1983 in connection with his allegedly illegal February 16, 2001, arrest, search, and detention; and (iii) claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 in connection with his compelled provision of handwriting exemplars.

On June 21, 2017, defendants moved to dismiss the complaint. (Doc. #3).

Plaintiff was given four extensions of the time to respond to defendants' motion, but failed to do so. (Docs. ##6, 8, 9, 10). Accordingly, on December 13, 2017, the Court deemed defendants' motion fully submitted and unopposed. (Doc. #11).

## DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation and citation omitted). "Even in a pro se

case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II. Plaintiff's Claims are Time-Barred

Defendants argue all of plaintiff's claims are barred by the applicable statutes of limitations.

The Court agrees, and addresses each claim in turn.

A. State Law False Arrest Claim

Plaintiff's New York state law claim for false arrest is barred by the statute of limitations.

Under New York law, "intentional tort causes of action asserted against municipal defendants must be commenced within the one–year–and–90–day statute of limitations contained in General Municipal Law § 50–i." Williams v. City of New York, 153 A.D.3d 1301, 1305 (2d Dep't 2017).

Plaintiff's false arrest claim accrued when he was released from custody. See Williams v. City of New York, 153 A.D.3d at 1305. Although plaintiff fails to allege when he was released from custody following his February 16, 2001, arrest, he does allege he was forced "under threat of jail" (Compl. ¶ 36) to admit he was in contempt of court in September 2001. Thus, the Court concludes plaintiff no longer was in custody no later than September 2001.

Because plaintiff did not initiate this action until April 24, 2017—more than one year and 90 days later—his state law false arrest claim is time-barred, and must be dismissed.

B.  Federal Claims Related to Plaintiff's Arrest

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 alleging his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated by his "illegal arrest . . . unlawful search, and detention." (Compl. ¶ 24).

"New York's three-year limitations period for personal injury actions . . . governs § 1983 claims." Kevilly v. New York, 410 F. App'x 371, 375 (2d Cir. 2010) (summary order). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues." Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001) (internal quotation omitted). Under federal law, "accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." Harnage v. Torres, 665 F. App'x 82, 83 (2d Cir. 2016) (summary order) (internal quotation omitted).

Plaintiff alleges he was arrested, searched, and detained on February 16, 2001. Because plaintiff commenced this action on April 24, 2017, more than three years later, his claims are time-barred unless equitable tolling applies.

Equitable tolling applies where "extraordinary circumstances prevented a party from timely performing a required act, and . . . the party acted with reasonable diligence throughout the period he [sought] to toll." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation omitted).

Although plaintiff does not argue equitable tolling is warranted, the Court recognizes that in the prior federal court action, plaintiff's Section 1983 false arrest claim was found premature under Covington v. City of New York, 171 F.3d 117 (2d Cir. 1999), because criminal proceedings in the state court action had not yet terminated in plaintiff's favor. However, Covington was overruled in 2007, by Wallace v. Kato, 549 U.S. 384 (2007), in which the

7

Supreme Court held: "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397.

While plaintiff may have been uncertain about the accrual date of his Section 1983 false arrest claim, he commenced this action nearly ten years after Wallace was decided. Plaintiff's decade-long delay does not demonstrate reasonable diligence sufficient to justify equitable tolling. See, e.g., Covington v. N.Y.C. Police Dep't, 471 F. App'x 28, 29-30 (2d Cir. 2012) (summary order) (finding three year delay insufficiently diligent). Because the record is devoid of any other basis for equitable tolling, Section 1983 claims related to plaintiff's February 16, 2001, arrest, search, and detention are time-barred and must be dismissed.

C. Federal Claims Related to Plaintiff's Handwriting Exemplars

Plaintiff next asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986, alleging his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated by "the deprivation of [his] liberty and the invasion of his privacy" when he was compelled to provide handwriting exemplars to the D.A.'s Office. (Compl. ¶ 41).

Plaintiff alleges he provided the exemplars on October 1 and October 3, 2001. Because plaintiff commenced this action more than three years after October 3, 2001, his Section 1983 claims are time-barred, and must be dismissed.

Like plaintiff's Section 1983 claims, his claims under Sections 1985 and 1986 accrued when he knew or had reason to know of his injury, which was on October 3, 2001, at the latest. See, e.g., Andrews v. Fremantlemedia, N.A., Inc., 613 F. App'x 67, 68 (2d Cir. 2015) (summary order) (regarding accrual of claims pursuant to 42 U.S.C. § 1985); Chris H. v. New York, 2017

8

WL 2880848, at *5 (S.D.N.Y. July 5, 2017) (regarding accrual of claims pursuant to 42 U.S.C. § 1986). Claims pursuant to Sections 1985 and 1986 are subject to three and one year statutes of limitations, respectively. Ferran v. Town of Poestenkill, 234 F.3d 1261 (table), 2000 WL 1728080, at *2 (2d Cir. 2000). Accordingly, claims under Sections 1985 and 1986 related to plaintiff's compelled provision of handwriting exemplars are also time-barred, and must be dismissed.

Finally, plaintiff asserts a claim for attorney's fees pursuant to 42 U.S.C. § 1988. Under Section 1988, "[a] prevailing party in a section 1983 [1985 or 1986] action may receive reasonable attorney's fees. A prevailing party is one who has favorably effected a material alteration of the legal relationship of the parties by court order." Garcia v. Hebert, 622 F. App'x 21, 22 (2d Cir. 2015) (summary order) (internal citation and quotation omitted).

Because the Court has dismissed all of plaintiff's claims, he is not the prevailing party in this action. See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989) ("[R]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail."). Accordingly, plaintiff is not entitled to attorney's fees, and his Section 1988 claim is dismissed.

III.  Leave to Amend

The Court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). Moreover, when a pro se plaintiff fails to state a cause of action, the Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).

9

Here, plaintiff has been given ample opportunity to defend his complaint or show he has a valid claim. On July 17, 2017, having received no opposition to defendants' motion to dismiss, the Court sua sponte extended plaintiff's time to respond. (Doc. # 6). On August 17, September 15, and October 25, 2017, the Court granted plaintiff's requests for further extensions. (Docs. ## 8, 9, 10). Despite repeated extensions of the time to respond, plaintiff never filed an opposition, and after October 25, 2017, did not seek additional time to do so.

Moreover, although plaintiff now appears pro se, the instant complaint is nearly identical to the complaint in the prior federal court action, in which plaintiff was represented by counsel. Nevertheless, the complaint, even liberally construed, does not contain allegations suggesting plaintiff has a timely claim against the defendants, or that plaintiff has a claim that he has merely "inadequately or inartfully pleaded" and therefore should "be given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. On the contrary, the Court finds that repleading would be futile because the problems with plaintiff's claims are substantive, and supplementary or improved pleading will not cure the complaint's deficiencies.

Accordingly, the Court declines to grant plaintiff leave to amend.

## CONCLUSION

Defendants' motion to dismiss the complaint is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #3) and close this case.

Dated: January 8, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge